**Mary L. EDWARDS, Plaintiff—Appellant,**

v.

**TACOMA PUBLIC SCHOOLS and all other known parties, Defendants—Appellees.**

No. 06–36006.

United States Court of Appeals,
Ninth Circuit.

Argued and Submitted April 9, 2008.*

Filed April 23, 2008.

---

\* The panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

**630**

Christopher D. Vaughn, Esq., Melville Johnson PC, Atlanta, GA, Mary L. Edwards, University Place, WA, for Plaintiff–Appellant.

Phillip D. Noble, Esq., Helsell Fetterman, Seattle, WA, for Defendants–Appellees.

Before: THOMPSON, W. FLETCHER and M. SMITH, Circuit Judges.

## MEMORANDUM **

Mary L. Edwards ("Edwards") appeals the district court's summary judgment under Federal Rule of Civil Procedure 56(c) on her claim for disability discrimination under section 504 of the Rehabilitation Act, 29 U.S.C. § 794. Because the parties are familiar with the facts and procedural history we do not include them here, except as necessary to explain our disposition. We have jurisdiction under 28 U.S.C. § 1291 and we affirm.

█ We review de novo the district court's grant of a motion for summary judgment. *Dark v. Curry County,* 451 F.3d 1078, 1082 n. 2 (9th Cir.2006). In determining whether summary judgment was properly granted, "[w]e view the evidence in the light most favorable to the nonmoving party and then determine whether there remains a genuine issue of material fact and whether the moving party is entitled to judgment as a matter of law.... [T]he burden on the nonmoving party is not a heavy one; the nonmoving party simply is required to show specific facts, as opposed to general allegations, that present a genuine issue worthy of trial." *Id.* (internal citations and quotation marks omitted).

Edwards, an elementary school teacher, contends that the district court erred in granting summary judgment in favor of the Tacoma Public Schools ("Tacoma") because, she argues, a genuine issue of material fact exists as to whether her request for a full-time assistant was a "reasonable accommodation" under the Rehabilitation Act.[1]

The following elements of Edwards claim under the Rehabilitation Act are undisputed. Edwards is disabled within the meaning of the Rehabilitation Act. *See* 29 C.F.R. § 1630.2(g). Edwards is a qualified individual because she is able to perform the essential functions of her position with accommodations. *See* 29 C.F.R. § 1630.2(m). Prior to and throughout much of the period involved in this lawsuit, Tacoma has provided Edwards with numerous accommodations which, she has agreed, allowed her to perform the essential functions of her position as a teacher. In addition to the accommodations provided, Edwards made numerous requests for a full-time assistant. At Tacoma's request, Edwards provided an explanation of the tasks she anticipated that this assistant would perform. A number of the tasks Edwards listed were "essential functions" of a teacher, functions for which, Edwards agreed, teachers have specific responsibili-

---

** This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.

1. In reaching our conclusion in Edwards' case, "[w]e examine cases construing claims under the [Americans with Disabilities Act of 1990, 42 U.S.C. 12111 *et seq.*], as well as section 504 of the Rehabilitation Act, because there is no significant difference in the analysis of rights and obligations created by the two Acts." *Vinson v. Thomas,* 288 F.3d 1145, 1152 n. 7 (9th Cir.2002).

ty, education and training. *See* 29 C.F.R. § 1630.2(n)(2) ("A job function may be considered essential for any of several reasons, including . . . [t]he function may be highly specialized so that the incumbent in the position is hired for his or her expertise or ability to perform the particular function.").[2]

■■■ At issue in this appeal is whether there is a dispute of material fact precluding summary judgment on the question whether Edwards' requested accommodation, a full-time assistant, was reasonable. An accommodation is reasonable if it is, "reasonable on its face, i.e., ordinarily or in the run of cases." *U.S. Airways, Inc. v. Barnett,* 535 U.S. 391, 402, 122 S.Ct. 1516, 152 L.Ed.2d 589 (2002). As the district court correctly determined, Edwards' request for a full-time assistant was not reasonable on its face because "the duties envisioned by Ms. Edwards to be performed by the full-time assistant are essential job functions of the teacher . . . '[and the Rehabilitation Act] does not require an employer to exempt an employee from performing essential functions or to reallocate essential functions to other employees.'" *Edwards v. Tacoma Pub. Sch.,* No. C04–5656 RBL, 2006 WL 3000897, at *5 (W.D.Wash. Oct. 20, 2006) (quoting *Dark,* 451 F.3d at 1089); *see* 29 C.F.R. § 1630.2(*o* )(1)(ii) (defining reasonable accommodation as, "Modifications or adjustments to the work environment, or to the manner or circumstances under which the position held or desired is customarily performed, that enable a qualified individual with a disability to perform the essential functions of that position").

■■■ While Edwards may be correct that it may be more efficient for Tacoma to provide her with a full-time assistant than to continue under the piecemeal system of accommodations currently in place, an "employer is not obligated to provide an employee the accommodation [s]he requests or prefers, the employer need only provide some reasonable accommodation." *Zivkovic v. S. Cal. Edison Co.,* 302 F.3d 1080, 1089 (9th Cir.2002) (quoting *E.E.O.C. v. Yellow Freight Sys. Inc.,* 253 F.3d 943, 951 (7th Cir.2001)). As evidenced by Edwards' own acknowledgment that she has performed the essential functions of her job for a number of years with the accommodations already in place, Tacoma has provided her with reasonable accommodation.

Because no genuine dispute of material fact exists as to whether Edwards' requested accommodation was reasonable, summary judgment in favor of Tacoma was proper.[3]

AFFIRMED.

---

2. Edwards does not dispute on appeal that some of the tasks she had listed to be performed by a full-time assistant were essential functions of her job as a teacher.

3. Because our decision does not depend on the letters written by any of Edwards' doctors regarding her condition, we need not reach the defendants' argument that a challenge based on those letters would be barred by the statute of limitations. Likewise, we decline to reach the defendants' question of whether a doctor's statement is required in order for a requested accommodation to be reasonable.